UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at PIKEVILLE

Eastern District of Kentucky
FILED
OCT 15 2007
At Ashland
LESLIE G. WHITMER
Clerk, U.S. District Court

Civil Action No. 07-11-HRW

MICHAEL ADAMS,

                                                  PLAINTIFF,

v.          **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY,        DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for disability insurance benefits and supplemental security income benefits on March 26, 2004, alleging disability

1

beginning on February 13, 2004, due to residual back/leg pain stemming from a work-related injury with secondary depression/anxiety(Tr. 52-56, 322-326). This application was denied initially and on reconsideration (Tr. 39-46, 328-336). On January 9, 2006, an administrative hearing was conducted by Administrative Law Judge Andrew Chwalibog (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

2

> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The record was held open for post-hearing development and ultimately closed in early March 2006 for adjudication and decision.

On March 27, 2006, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 15-22). Plaintiff was 39 years old at the time of the hearing decision (Tr. 16). He has a high school education (Tr. 16). His past relevant work experience consists of work as a chain-link fence installer/supervisor (Tr. 16).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 26).

The ALJ then determined, at Step 2, that Plaintiff suffered from chronic low back pain syndrome with degenerative lumbar disc disease and S1 lumbar radiculopathy, borderline intellectual functioning and depressive/anxiety disorders, which he found to be "severe" within the meaning of the Regulations (Tr. 26).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 26).

3

The ALJ further found that Plaintiff could not return to his past relevant work but determined that he has the residual functional capacity ("RFC") to perform a significant range of medium work, with certain limitations.

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 25).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on January 8, 2007 (Tr. 4-6).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 6 and 9] and this matter is ripe for decision.

### III. ANALYSIS

#### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account

4

whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

### B. Plaintiff's Contentions on Appeal

Plaintiff's sole challenge on appeal concerns the ALJ's evaluation of his physical impairments. Specifically, Plaintiff contends that the ALJ erred by relying upon the opinions of the state agency medical consultants.

State agency medical consultants are deemed experts in Social Security disability programs and their opinions may be entitled to great weight if they are supported by the evidence. 20 C.F.R. §§ 404.1527(f)(2), 416.927(f)(2).

In this case, the opinions of the state agency physicians, Dr. Albert Smolyar,

Dr. H.T. Anzures and Dr. John Rawlings are consistent with the other credible evidence of record, such as the evaluation of Dr. Timothy Kriss, a neurosurgery and spine specialist. Thus, the ALJ did not err in relying upon their assessments.

Nor does the fact that these opinions were rendered prior to the receipt of all the medical evidence detract from their credibility. The ALJ acknowledged that the state agency assessments were made "earlier" but nonetheless considered them along with the other evidence of record. In other words, contrary to Plaintiff's suggestion, it does not appear that the ALJ blindly accepted the state agency physicians' opinions. Rather, the Court finds that the ALJ conducted a thorough review of all the medical evidence.

While the ALJ does not suggest that Plaintiff is pain-free or is able to perform a limitless range of activity, the ALJ evaluated the medical evidence and concluded that there exists a range of work-related activity within Plaintiff's capabilities. Upon review of the record, the Court finds no error in this determination.

As for Plaintiff's treating physician, Dr. Alan Hyden, he consistently remarked that Plaintiff was unable to resume any work activity (Tr. 162, 292, 297 and 298). Yet, as the ALJ noted, his treatment notes contain scant objective findings which support such a conclusion.

6

The Court finds that the ALJ was correct in disregarding these conclusory remarks. It is within the province of the ALJ to make the legal determination of disability. The ALJ is not bound by a treating physician's conclusory statement, particularly where the ALJ determines, as he did in this case, where these is medical proof that Plaintiff retains the RFC to work in some capacity other than her past work. *See King v. Heckler*, 742 F.2d 968, 973 (6th Cir. 1984).

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This __15__ day of October, 2007.

_____
Henry R. Wilhoit, Jr., Senior Judge